George L. MALLORY, III *v.* HARTSFIELD, ALMAND & GRISHAM, LLP, and Larry J. Hartsfield

01-1407                                    79 S.W.3d 359

Supreme Court of Arkansas
Opinion delivered June 27, 2002

*Stanley Rauls,* for appellant.

*Michael W. Mitchell,* for appellees.

P ER CURIAM. Appellant George L. Mallory, III, appeals from a summary judgment granted in favor of the appellees and from a motion, which was deemed denied, made by the appellant, requesting the trial judge to recuse upon reconsideration of the granting of summary judgment.

We took this case under submission on June 27, 2002. For one point on appeal, appellant asserts that the trial court erred in granting summary judgment in favor of the appellees. Upon reviewing the materials for this point on appeal included in appellant's abstract and addendum, it is apparent that his filing was deficient in that several relevant pleadings and documents essential to the understanding of the issues were not contained in appellant's abstract or addendum. We are deferring action on this appeal until appellant fully complies with the provisions of Supreme Court Rule 4-2.

Supreme Court Rule 4-2(b)(3) explains the procedure that we now follow when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (7). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

*Id.*

Appellant has failed to comply with Supreme Court Rule 4-2. The rule in relevant part provides:

> Following the signature and certificate of service, the appellant's brief shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the court's jurisdiction on appeal. In the case of lengthy pleadings or documents, only relevant excerpts in context need to be included in the addendum. Depending upon the issues on appeal, the addendum may include such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; orders; administrative law judge's opinion; discovery documents; requests for admissions; and *relevant pleadings or documents essential to an understanding of the court's jurisdiction on appeal such as the notice of appeal.* The addendum shall include an index of its contents and shall also be clear where any item appearing in the addendum can be found in the record. The appellee may prepare a supplemental addendum if material on which the appellee relies is not in the appellant's addendum. Pursuant to subsection (c) below, the clerk will refuse to accept an appellant's brief if its addendum does not contain the required order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion. The appellee's brief shall only contain an addendum to include an item which the appellant's addendum fails to include.

Supreme Court Rule 4-2(a)(8) (emphasis added).

In the case now before us, appellant's portion of the abstract and addendum addressing the motion for summary judgment contains only the motion, response, and order granting same. The following information, among other items, which is essential to an understanding of this issue in this case, is missing: (1) appellees' brief in support of the motion for summary judgment; (2) appellees' supplemental brief in support of the motion for summary judgment and any attachment(s) thereto; (3) appellant's brief in support of his response to appellees' motion for summary judgment; (4) appellant's notice of appeal and designation of the record; (5) appellant's amended notice of appeal and designation of record.

Review of the above-mentioned items is essential to our consideration of this appeal. Specifically, a review of these documents is needed for us to understand the arguments that were raised below and the arguments that the trial court considered when it granted appellees' motion for summary judgment. Because appellant has failed to comply with Rule 4-2, we are ordering him to submit a revised or supplemental abstract and addendum that contain all relevant pleadings and documents that are essential to an understanding of the issues raised in this appeal. Appellant must file a complying abstract, addendum, and brief within fifteen days from the entry of this order. Thereafter, appellees will have five days to respond.